1 | AMBER LESLIE
1592 MESQUITE DRIVE, NO. 207
2 | SALINAS, CA 93905

3 | TELEPHONE: (831) 772-9988

4

5 | AMBER LESLIE, Attorney in Pro Per



**FILED**

2008 JAN 10 P 2: 11

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IFP
NP

6

7

8

9

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

10

11 | AMBER LESLIE,

12 |      PLAINTIFF,

13 | VS.

14 | CITY OF SAND CITY, A Municipal

15 | Corporation; FRANK PIRES dba MARINA
BEACH TOW, and DOES 1 THROUGH 10,

16 | INCLUSIVE,

17

18 |      DEFENDANTS.

19

**C 08 00179 JW**

COMPLAINT FOR DAMAGES;
INJUNCTIVE AND DECLARATION
RELIEF RE:

(1) DENIAL OF DUE PROCESS   **RS**

(2) CONVERSION

(3) DEMAND FOR JURY TRIAL

[Violation of Federal Civil Rights - 42 U.S.C.
Section 1983]

20

21 | Plaintiff AMBER LESLIE ("Plaintiff" or "Leslie"-) hereby files the following Complaint

22 | and states and alleges as follows:

23 |                                    JURISDICTION AND VENUE

24 |      1.      Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28

25 | U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the

26 | United States, specifically, under the Fourth, Fifth and Fourteenth Amendments, and involves

27

28

violations of federal law actions pursuant to 42 U.S.C. Section 1983. Supplemental jurisdiction

exists pursuant to 28 U.S.C. 1367(a).

2.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that

Defendant CITY OF SAND CITY, is a public entity in this District, the individual defendants

reside and are employed in this District and the claims arose in this district.

## PARTIES

3.    Plaintiff, is and was at all material times, a resident of and/or operating within the

County of Monterey which encompasses the cities of Monterey, Sand City, Seaside, Marina and

Monterey the entities within which this action arose.

4.    Plaintiff alleges that the Defendant CITY OF SAND CITY ("City") is, and all

times herein mention was, a municipal corporation organized under the laws and Constitution of

the State of California.

5.    Plaintiff alleges that the defendant FRANK PIRES dba MARINA BEACH TOW

("Marina Beach Tow") is, and at all times herein mentioned was, a fictitious business named entity

organized and operating under the laws and Constitution of the State of California.

6.    The true names and capacities, whether individual, corporate, associate or

otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the

actions taken against plaintiff are unknown to her at this time. Plaintiff is informed and believes

and based thereon alleges that each of the DOE defendants is responsible in some manner for the

occurrences herein referred to, and that plaintiff's injuries and damages as herein alleged were

proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on

the grounds that the true names and capacities of said defendants are unknown to plaintiff at this

time. Plaintiff will amend this complaint when the true names and capacities of said DOE

Leslie v. City of Sand City, etc., et al.                                        Complaint For Damages

2

1    defendants are ascertained.  Each reference in this complaint to "defendant," "defendants" or a

2    specifically named defendant also refers to defends sued under fictitious names.

3                              FACTS COMMON TO ALL CLAIMS

4        7.     Plaintiff is informed and believes and thereon alleges that on or about January 13,

5    2006, Defendant City of Sand City by and through one or more of its employees who knowing or

6

7    having reason to know of plaintiff's compliance with California law made false representations

8    regarding such status of plaintiff's vehicle.

9        Subsequent to this, the above-referenced defendants, based on the above referenced false

10   representations then entered onto private property and caused plaintiff's vehicle to be towed away

11

12   at great expense and ultimate loss to plaintiff.

13       Plaintiff is further informed and believes and thereon alleges that defendant City of Sand

14   City, by and through its employee or employees had previously conspired with other parties to

15   assist in the above-referenced act.

16

17       Based on the above facts, plaintiff alleges the following claims:

18                              FIRST CLAIM FOR RELIEF

19   (Violation of Civil Rights Under 42 U.S.C. Section 1983 by Plaintiff Against All Defendants.).

20       8.     Plaintiff realleges and incorporate herein by reference to each and every allegation

21
     contained in Paragraphs 1 through 7, and all its subparts, inclusive, as set forth hereinabove.
22

23       9.     Plaintiff is informed and believes, and based upon such information and belief

24   alleges, that in doing all of the things herein mentioned, defendant, and each of the, acted under

25   color of the statutes, regulations, customs and usage of the City of Sand City, the County of

26   Monterey, and the State of California for the purpose of unlawfully seizing plaintiff's vehicle and

27
     Color of Law" under 42 U.S.C. Section 1983.
28

Leslie v. City of Sand City, etc., et al.                              Complaint For Damages
                                          3

10.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that by taking the actions hereinabove alleged in paragraphs 1 through 7 above, defendants, and each f them violated the constitutional and civil rights under the Fourth and Fourteenth Amends of the United States Constitution to be free fro an unreasonable seizure of her property with a warrant under the Seizure Clause of the First Amendment; that the actions of the defendants, and each f them violated the constitutional and civil rights of plaintiff, in particular her rights under the Fifth and Fourteenth Amends of the United States Constitution to be free from and unconstitutional taking of her property in an unlawful pretextual exercise of its police powers which is a violation of the Public Use Clause, and that even if such exercise of the police powers was not pretextual, it was still in violation of Fifth and Fourteenth Amendments of the United States Constitution and not subject to any administrative or judicial exhaustion doctrines; violated plaintiff's constitutional and civil rights of plaintiff's in particular her rights under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment and the Equal Protection Clause of the Fourteenth Amendment, since plaintiff was intentionally treated differently from other similarly situated property owners.

11.    The City's actions described in paragraphs 1-8 above was done pursuant to official policy, custom, or practice, and the individual defendants sued individually are not entitled to immunity from suit.

12.    As a proximate result of the foregoing acts of defendants, and each of them plaintiff has suffered and continues to suffer extreme hardship and damages, which damages include, but are not limited to, severe emotional distress and economic damages. Plaintiff is informed and believes, and based upon such information and belief alleges, that the damages she has suffered and continues to incur will be according to proof at trial but not less than

Leslie v. City of Sand City, etc., et al.                                    Complaint For Damages

4

1  $1,000,000.00 against the defendants, and each of the, and that she is also entitled to appropriate

2  declamatory and injunctive relief against all the defendants, and punitive damages against the

3  individual defendants and to her reasonable attorneys fees under 42. U.S.C. Section 1988.

SECOND CLAIM FOR RELIEF

(Inverse Condemnation by Plaintiff against Defendant City of Sand City and Marina Beach Tow)

13.    Plaintiff realleges and incorporates herein by reference to each and every allegation

contained in paragraphs 1 through 12, and all its subparts, inclusive, as set forth hereinabove.

14.    Without waiving plaintiff's rights to have its takings claim heard under the Fifth

and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1983 as

stated above, the actions by the City described hereinabove, constitutes a per se physical taking

compensable under Article I, Section 19 of the California Constitution/

15.    As a direct and inevitable result of the actions by the defendant City of Sand City

described above, plaintiff's subject property interest has been damaged actionable under state and

law and under Article I, Section 19 of the California Constitution/

16.    Plaintiff has received no compensation for the taking of the subject property, and

as a result of the wrong actions of the defendant City of Sand City, plaintiff has suffered and

continues to suffer extreme hardship and damages, which damages include, economic loss in the

value of an investment in the subject property.  The damages plaintiff has suffered and continues

to incur is according to proof at trial.  Plaintiff has incurred and will incur attorney's fees because

of this proceeding which is recoverable under the provisions of Section 1036 of the California

Code of Civil Procedure.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

FIRST CLAIM FOR RELIEF

Leslie v. City of Sand City, etc., et al.                                                   Complaint For Damages

1.      For damages according to proof at trial but not less than $1,000,000.00;

2.      For declaratory and injunctive relieve;

3.      For attorney's fees pursuant to 42 U.S.C. Section 1988;

SECOND CLAIM FOR RELIEF

4.      For damages according to proof at trial;

5.      For attorney's fees pursuant to California Code of Civil Procedure Section 1036;

FOR ALL CLAIMS FOR RELIEF

6.      For costs of suit; and

7.      For such other and further relief as the Court deems just and proper.

DATED: January 7, 2008

AMBER LESLIE

By

AMBER LESLIE
Attorney in Pro Per

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED:      January 7, 2008

AMBER LESLIE

By

AMBER LESLIE
Attorney in Pro Per

Leslie v. City of Sand City, etc., et al.

Complaint For Damages

7