DAVID W. BROWN, No. 99389
Attorney at Law
665 Munras Ave., Suite 210
Monterey, CA 93940
Tel: (408)649-8211
Fax: (408)649-2376
Attorney for Defendant FRANK PIRES

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER LESLIE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAND CITY, Et. al.,<br><br>Defendants | Case No. C-08-00179-JW(RS)<br><br>DEFENDANT FRANK PIRES' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C.P. RULE 12(b)(1) WITH POINTS AND AUTHORITIES<br><br>Hearing Date: May 5, 2008<br>Time: 9:00 AM |

TO PLAINTIFF AMBER LESLIE, IN PRO PER, AND TO DEFENDANT CITY OF SAND CITY AND ITS ATTORNEY:

PLEASE TAKE NOTICE that on May 5, 2008 at 9:00 AM, in the Courtroom of the Hon. James Ware, United States District Judge, located at 280 South First Street, Courtroom 8, Fourth Floor, San Jose, California, Defendant FRANK PIRES will move the Court, and does so now move the Court, for an order dismissing the within action for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This motion is made on the ground that dismissal is required under the *Younger* and *Colorado River* abstention doctrines, there being a pending state-court action based on the facts asserted in the Complaint herein, between the same parties.

**This motion is based on this notice, the within Memorandum of Points and Authorities, the Request for Judicial Notice served and filed herewith, the pleadings, records, and files in this action and in the Monterey County Superior Court action entitled *Amber Leslie v. City of San City, Et al.*, Case No. M-82001 therein, and on such argument as will ne presented at the hearing on the motion.**

**DATED: March 27, 2007**

**DAVID W. BROWN**
**Attorney for Defendant**
**FRANK PIRES**

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES

### Summary of Argument

Plaintiff alleges that defendants, a California city and a tow truck owner/operator, illegally towed her vehicle when, in fact, Plaintiff and/or her vehicle were allegedly not in violation of state motor-vehicle law. She asserts claims based on the same facts as those she asserts against the same defendants in a pending action in state court. Defendant FRANK PIRES moves to dismiss for lack of subject-matter jurisdiction under F.R.C.P. Rule 12(b)(1) based on the *Younger* and *Colorado River* abstention doctrines.

### Argument

#### I. THE CLAIMS ASSERTED BY PLAINTIFF ARE BASED ON THE SAME FACTS AS PLAINTIFF'S PENDING ACTION AGAINST THE SAME DEFENDANTS IN STATE COURT.

The essence of plaintiff's complaint, filed herein on January 10, 2008, is summarized in paragraph 7. She "alleges that on our about January 13, 2006, Defendant City of Sand City by and through one or more of its employees who knowing or having reason to know of plaintiff's compliance with California law made false representations regarding such status of plaintiff's vehicle. Subsequent to this, the above-referenced defendants, based on the above-referenced false representations, then entered onto private property and caused plaintiff's vehicle to be towed away ... ."

Currently pending in state court, namely Monterey County Superior Court as Case No. M-82001, is plaintiff's suit against the same defendants as in this case. The complaint in that action first, second, and third causes of action for "General Negligence", "Intentional Tort", and "Fraud," respectively. Paragraphs GN-1 and IT-1 of the first and second causes of action, respectively, both allege Defendants "unlawfully towed Plaintiff Amber Leslie's truck," while the third cause of action alleges in paragraphs FR-2 and FR-3 that defendants "Represented Plaintiff Amber Leslie's vehicle to be in violation of State of California motor vehicle laws,"

when in fact she "was in compliance with State of California motor vehicle law." She subsequently amended the complaint to delete the fraud cause of action and label the intentional tort as "conversion". The matter is set for trial May 12, 2008.

In other words, while her state court action against defendants for allegedly illegally towing her car in violation of state law is pending, Plaintiff now files an action in this Court based on those same facts, against the same defendants, with allegations added to allege a violation under 42 U.S.C. Section 1983.

## II. THE COURT MUST DISMISS THE CASE UNDER THE *YOUNGER* AND *COLORADO RIVER* ABSTENTION RULES.

### A. The *Younger v. Harris* abstention rule applies.

The Court should dismiss the case pursuant to *Younger v. Harris*, 401 U.S. 37, 27 L.Ed.2d 669, 91 S.Ct. 746 (1971). In *Younger*, the court held that federal courts should decline to hear cases when the exercise of federal jurisdiction would interfere with pending state court proceedings. *Younger* abstention is triggered when three conditions are met: (1) the federal proceedings must implicate important state interests; (2) there must be ongoing state proceedings; and (3) the federal plaintiff must be able to litigate its federal claims in the state proceedings. *M&A Gabaee v. Community Redevelopment Agency of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005). See also *Am. Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1126 (9th Cir. 2003); *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 433, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982).

In the present case, all three conditions are met. There is a pending state court proceeding and it involves important state interests, namely, the application of its motor-vehicle law. These same important state interests are at issue in the present federal proceeding. The federal claims all revolve around whether Plaintiff was in compliance with California motor-vehicle laws. Such issues that can be adjudicated in the state court

proceeding.

Plaintiff's ability to raise in her state-court lawsuit all of the issues she raises here is clear. She in fact is raising them in the state-court proceeding.

For the foregoing reasons, this court should apply the *Younger* abstention rule and dismiss this case. *Kawecki v. County of Macomb*, 367 F.Supp.2d 1137 at 1146-48 (E.D. Mich 2005).

B. <u>The *Colorado River* abstention rule applies.</u>

In addition, as in *Kawecki*, the court should apply the abstention rule set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 47 L.Ed.2d 483, 96 S.Ct. 1236 (1976). See also *Holder v. Holder*, 305 F.3d 854, 870 (9th Cir. 2002). As in *Holder* and *Kawecki*, there are parallel state court proceedings along with the current federal case. In addition, the 8 factors discussed in *Kawecki* (7 factors in *Holder*) favor abstention here, as follows:

(1) The state court has assumed jurisdiction over Plaintiff's case.

(2) The federal forum is less convenient to defendants, who are a Monterey County city and a Monterey county resident. The federal forum is more inconvenient for Plaintiff as well, since she also resides in Monterey County. In addition, any witnesses likely would be in Monterey County, so that the Monterey County Superior Court forum would increase all parties' access to witnesses and evidence.

(3) Keeping this case in Monterey County would avoid piecemeal litigation.

(4) Jurisdiction was obtained first in Monterey County.

(5) State law provides the overarching rule of decision – whether Plaintiff's vehicle

was parked in violation of state motor-vehicle laws. The federal cause of action asserted by plaintiffs in this federal lawsuit is based on facts identical to those she asserts in state court.

(6) State courts are already tasked with the enforcement of state motor vehicle laws.

(7) State court proceedings are well on their way to conclusion.. Federal court proceedings have just begun.

(8) Federal courts have jurisdiction over federal causes of action. However, the state court in this case may also adjudicate these causes of action.

Under *Kawecki* and *Holder*, *supra*, the *Colorado River* rule of abstention should be applied and the case should be dismissed.

DATED: March 27, 2008

Respectfully submitted,

DAVID W. BROWN
Attorney for Defendant
FRANK PIRES

**CERTIFICATE OF SERVICE BY MAIL**

**I, David W. Brown, declare:**

**I am over the age of 18 years and not a party to the within action. On March 27, 2008, I served the within DEFENDANT FRANK PIRES' NOTICE OF MOTION AND MOTION TO DISMISS UNDER F.R.C./P. RULE 12(b)(6) WITH POINTS AND AUTHORITIES, by placing true copies thereof in separate, sealed envelopes, with the postage thereon fully prepaid, in the United States Postal Service mailbox at Monterey, California, the said envelopes being addressed as follows:**

**Amber Leslie**
**1592 Mesquite Drive, No. 207**
**Salinas CA 93905** **(Plaintiff in Pro Per)**

**Douglas Young**
**Law Offices of Vincent Hurley**
**38 Seascape Village**
**Aptos, CA 95003** **(Attorneys for Defendant CITY OF SAND CITY, in related state-court proceeding – Courtesy Copy)**

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**DATED: March 27, 2008**

______________________
**DAVID W. BROWN**