Vincent P. Hurley #111215
Douglas F. Young #84531
LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation
38 Seascape Village
Aptos, California 95003
Telephone: (831) 661-4800
Facsimile: (831) 661-4804

Attorneys for Defendant
CITY OF SAND CITY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| AMBER LESLIE,<br><br>  Plaintiff,<br><br>  vs.<br><br>CITY OF SAND CITY, A Municipal Corporation; FRANK PIRES dba MARINA BEACH TOW, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. C 08-00179 JW (RS)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF SAND CITY'S MOTION FOR DISMISSAL<br>[Fed. R. Civ. Proc. 12(b)(1)]<br><br>Date: June 9, 2008<br>Time: 9:00 a.m.<br>Courtroom 8, 4th Floor |

**I.**

**STATEMENT OF THE CASE**

**A.  Parties.**

Plaintiff AMBER LESLIE is an individual residing in Monterey County, California. Defendant CITY OF SAND CITY is a charter city with a population of about 350 located in Monterey County. Defendant FRANK PIRES is an individual doing business as MARINA BEACH TOW, operating on the Monterey Peninsula.

1

Memo of Pts. & Auths. ISO Mot. for Dismissal                         Case No. C 08-00179 JW (RS)

**B.     Claims.**

Plaintiff claims her constitutional rights to due process under 42 U.S.C. § 1983 were violated on January 13, 2006 when her truck was towed by Defendant Frank Pires doing business as Marina Beach Tow, at the direction of officers of the Sand City police department, pursuant to California Vehicle Code 22651(o), on the ground that her registration was expired more than six months. Plaintiff further alleges that the City of Sand City had a custom, policy, or practice encouraging or ratifying that conduct. (¶ 11, Pltf's Comp.)

In her second claim for relief, Plaintiff invokes Article I, Section 19 of the California Constitution, a provision related to just compensation in eminent domain proceedings. Presumably Plaintiff intended to invoke Article I, Section 7, which more closely tracks the Fourteenth Amendment to the United States Constitution.

**C.     Damages and remedies.**

For her first cause of action, Plaintiff claims damages in the amount of $1 million together with unspecified declaratory and injunctive relief, and attorney's fees. For her second cause of action, Plaintiff asks for damages according to proof and for attorney's fees under California Code of Civil Procedure section 1036, a statute related to eminent domain proceedings.

**II.**

**PARALLEL PROCEEDINGS**

On December 6, 2006, Plaintiff initiated California state court proceedings in Monterey County Superior Court Matter No. M82001. Her first amended complaint was filed June 27, 2007, following demurrer and motion to strike by Defendant City of Sand City.

In her amended complaint, Plaintiff seeks damages for the wrongful towing of her vehicle on January 13, 2006. She demands damages according to proof for the conversion of her vehicle, and damages for wage loss, loss of use, general damages, property damage, loss of earnings, and other damages according to proof. She also alleges a cause of action for negligence for the unlawful towing of her vehicle.

2

Memo of Pts. & Auths. ISO Mot. for Dismissal                                    Case No. C 08-00179 JW (RS)

1   As stated in the accompanying declaration of Douglas F. Young, the following
2 proceedings and more have taken place in the state court action following Defendant's answer:
3   a.  Exchange of form interrogatories;
4   b.  Exchange of requests for production of documents;
5   c.  Several sets of special interrogatories;
6   d.  Requests for admissions;
7   e.  Subpoena of records from the Department of Motor Vehicles;
8   f.  Deposition of Plaintiff;
9   The following court proceedings have taken place:
10  a.  Demurrer and motion to strike;
11  b.  Motion to compel responses to discovery and for sanctions;
12  c.  Motion to deem matters admitted;
13  d.  Case management conference;
14  e.  Second case management conference and trial setting;
15  The matter is currently set for mandatory settlement conference on May 2, 2008, and for
16 jury trail on May 14, 2008.

**III.**

**LEGAL ARGUMENT**

**A.  Motion for dismissal under doctrine of abstention and rule 12(b)(1) Federal Rules of Civil Procedure.**

Motions for dismissal under the doctrine of abstention are generally considered to be motions under Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction. See, *e.g.*, *Coles v. Grandville,* 448 F.3d 853, 856 (2006). Under Rule 12(b) the Defendant at its option may respond to the complaint by motion to dismiss rather than by answer, if, *inter alia,* it is argued that the Court lacks subject matter jurisdiction.

3

Memo of Pts. & Auths. ISO Mot. for Dismissal                Case No. C 08-00179 JW (RS)

**B.    Defendant's Motion for Dismissal.**

**1.    Standards for abstention:  the *Younger* Doctrine.**

It has been stated by the Ninth Circuit that a "Federal Court must abstain to avoid interference in a state-court civil action when three tests are met.  First, the proceedings must implicate an important state interest; second, there must be ongoing state proceedings; and third, the federal plaintiff must be able to litigate its federal claims in the state proceedings.  [Cites]. *M & A Gabaee v. Community Redevelopment Agency of the City of Los Angeles,* 419 F.3d 1036 (9th Cir. 2005).

The rule stated by the Ninth Circuit in *M & A Gabaee, supra* is based on the decision in *Younger v. Harris,* 401 U.S. 37 (1971) wherein the Supreme Court decided that the principles of federalism required the federal courts to abstain from jurisdiction when its exercise would interfere with pending state proceedings.

All three requirements of *M & A Gabaee v. Community Redevelopment Agency of the City of Los Angeles* are clearly met in this matter.  First, the proceedings implicated important state interests, to wit, the interpretation of the California Vehicle Code and the ability of the public agencies charged with the enforcement of those regulations to do so.  Plaintiff alleges that the towing of her vehicle was unlawful because she was in compliance with all vehicle code requirements.  The adjudication of her claim will this require the Court to interpret the interrelated promulgations of the California vehicle code regarding authority for towing of vehicles under Section 22651(o)(1) and the legal effect of operating the vehicle under a temporary moving permit while in Planned Non Operation status.  It will also necessitate the determination under California law of what is an "off-street parking facility" within the meaning of Vehicle Code 22651(o)(2).

The State of California clearly has an important interest in the enforcement of its vehicle code, and the state court is particularly suited to the interpretation of state law and the resolution of apparently conflicting statutes.

Second, state court proceedings were filed first and are ongoing.  In fact, the state court matter has been litigated for nearly a year and a half and is presently set for trial in May 2008.

4

Memo of Pts. & Auths. ISO Mot. for Dismissal                                    Case No. C 08-00179 JW (RS)

1  As set forth in the attached declaration of Douglas F. Young, substantial discovery and pre-trial
2  motions have been conducted, while the proceedings in this Court have only recently been
3  initiated with virtually no activity.  The relevant order of the proceedings and the progress
4  achieved in each one should be considered by the Court in evaluating the second prong of the *M*
5  *& A Gabaee v. Community Redevelopment Agency of the City of Los Angeles* test.  *See Great*
6  *American Insurance Co. v. Gross*, 468 F.3d 199, 207-208 (2006).

7  Third, Plaintiff has the ability to raise all the issues in the state court that are raised in the
8  Federal Court proceedings.  Her claims in both venues seek compensation for the loss of the
9  truck, the loss of its use, lost profits for the interruption of Plaintiff's business, and general
10 damages.  Plaintiff could have brought her § 1983 claim in the state court, as the state courts of
11 California accept concurrent jurisdiction with the federal courts to adjudicate suits brought
12 under the Civil Rights Act.  See *Bach v. County of Butte*, 147 Cal. App. 3d 554, 560 (1983).

13 Whatever relief Plaintiff asks for in this Court duplicates the relief sought by her in the
14 state court, except for the equitable remedies of declaratory and injunctive relief hinted at in her
15 prayer.  However, the inclusion of those equitable remedies in the Federal complaint actually
16 weighs in favor of abstention.

17 In *Quackenbush v. Allstate*, 517 U.S. 706, (1996), the Supreme Court stated "in cases
18 where the relief sought is equitable in nature or otherwise discretionary, federal courts not only
19 have the power to stay the action based on abstention principles, but can also, in otherwise
20 appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the
21 suit or remanding it to state court. [Cites]  By contrast, federal courts may stay actions for
22 damages based on abstention principles, but those principles do not support the outright
23 dismissal or remand of damages actions.  [Cites]."

24 **2.    *Colorado River* Doctrine.**

25 The *Colorado River* doctrine, based on *Colorado River Water Conservation District v.*
26 *United States*, 424 U.S. 800 (1976) is the expression of a policy to be employed where "wise
27 judicial administration," in the words of that Court at page 817, warrants deference to the state
28 court proceeding.

5

The circumstances where the *Colorado River* rule applies are "considerably more limited than the circumstances appropriate for abstention," (*Colorado River Water Conservation District, supra at* p. 818) but are squarely applicable to the case at bar.

The factors to be considered by the Court in a *ColoradoRiver* abstention evaluation are as follows, as stated in *Holder v. Holder,* 305 F.3d 854 (2002):

(1) Whether the state court first assumed jurisdiction over property;

(2) Inconvenience of the Federal forum;

(3) The desirability of avoiding piecemeal litigation;

(4) The order in which jurisdiction was obtained by the concurrent forums;

(5) Whether Federal law or state law provides the rule of decision on the merits;

(6) Whether the state court proceedings are in adequate to protect the Federal litigants rights;

(7) Whether exercising jurisdiction would promote forum shopping.

The *Holder* analysis applies congruently with the facts and procedure in the case at bar:

(1) Though there is no *in rem* jurisdiction, the State court has assumed jurisdiction over all parties, and the State court action was initiated more than a year before the federal proceedings.

(2) All of the parties and witnesses are domiciled in Monterey, CA, while the instant matter is pending some 75 miles distance in San Jose, CA.

(3) Litigation in two forums raises the distinct possibility of contradictory or inconsistent verdicts.

(4) The state court action pre-dated the federal one by more than a year, has been the subject of considerable discovery and pre-trial proceedings and is in fact now on the eve of trial.  There has been no activity in the Federal matter.

(5) The legal issues involve the application and the interpretation of the California Motor Vehicle Code, and the legality of towing of Plaintiff's vehicle, matters particularly in the expertise of California courts.

6

Memo of Pts. & Auths. ISO Mot. for Dismissal                                    Case No. C 08-00179 JW (RS)

(6) All of the issues raised in Plaintiff's Federal complaint could be resolved in the state jurisdiction. The parties are identical in both actions, so there is no issue that abstention will result in loss of jurisdiction over any party.

**(7)** It is difficult to imagine what besides forum shopping would have provoked Plaintiff to file her parallel action in Federal Court after litigating the matter in State court for more than a year.

**C. Attorney's fees.**

Plaintiff has prayed for attorney's fees in her Federal complaint pursuant to 42 U.S.C. § 1988, but has not asked for attorneys fees in her state court action. However, this discrepancy is irrelevant with respect to the availability of relief in one forum compared to the other because as a *pro se* litigant in Federal Court, Plaintiff is not eligible for attorneys fees anyway. *Gonzales v. Kangas* 814 F.2d 1411 (1987).

## IV.

## <u>CONCLUSION</u>

Whether measured against the standards for abstention under the doctrine of *Younger v. Harris* or *Colorado River*, it is evident that this Court should abstain from exercising from jurisdiction in this matter, and allow the matter to proceed to trial in the parallel state court proceedings.

Dated: April 4, 2008

                                LAW OFFICES OF VINCENT P. HURLEY
                                A Professional Corporation


                                By:      /s/ Douglas F. Young
                                      DOUGLAS F. YOUNG
                                Attorneys for Defendant CITY OF SAND CITY

7

Memo of Pts. & Auths. ISO Mot. for Dismissal                              Case No. C 08-00179 JW (RS)