Vincent P. Hurley #111215
Douglas F. Young #84531
LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation
38 Seascape Village
Aptos, California 95003
Telephone: (831) 661-4800
Facsimile: (831) 661-4804

Attorneys for Defendant
CITY OF SAND CITY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AMBER LESLIE,

        Plaintiff,

vs.

CITY OF SAND CITY, A Municipal Corporation; FRANK PIRES dba MARINA BEACH TOW, and DOES 1 through 10, inclusive,

        Defendants.

Case No. C 08-00179 JW (RS)

ANSWER BY DEFENDANT CITY OF SAND CITY TO FIRST AMENDED COMPLAINT

      COMES NOW CITY OF SAND CITY, a municipal corporation, and answers Plaintiff's first amended complaint as follows:

      1.     In response to Paragraph 1, Defendant does not contest jurisdiction in the matter.

      2.     In response to Paragraph 2, Defendant does not contest venue in the matter.

      3.     Defendant admits the allegations in Paragraph 3 of the complaint.

      4.     Defendant admits the allegations in Paragraph 4 of the complaint.

      5.     Defendant has no information or belief with regard to the allegations in Paragraph 5 of the complaint, and on that basis, denies the allegations therein.

      6.     DOE Defendants are not proper parties in the United States District Court.  In all other respects, Defendant denies the allegations in Paragraph 6.

1    7.    Defendant denies the allegations in Paragraph 7 of the complaint.

2    8.    Defendant admits and denies the allegations as set forth in the Paragraphs
3    incorporated in Paragraph 8 as previously admitted or denied.

4    9.    Defendant denies the allegations in Paragraph 9 of the complaint.

5    10.    Defendant denies the allegations in Paragraph 10 of the complaint.

6    11.    Defendant denies the allegations in Paragraph 11 of the complaint.

7    12.    Defendant denies the allegations in Paragraph 12 of the complaint, and further
8    denies that Plaintiff has suffered any damages or other injury, and further denies that Plaintiff as
9    an attorney *pro se* is entitled to attorneys fees in any event.

10    13.    Defendant admits and denies the allegations in Paragraph 13 of the complaint as
11    incorporated from previous paragraphs as previously admitted or denied.

12    14.    Defendant denies the allegations in Paragraph 14 of the complaint.

13    15.    Defendant denies the allegations in Paragraph 15 of the complaint.

14    16.    Defendant denies the allegations in Paragraph 16 of the complaint, and further
15    denies that section 1036 of the California Code of Civil Procedure provides for attorneys fees or
16    has any other relevance in this proceeding.

17    17.    Defendant admits and denies the allegations in Paragraph 17 of the complaint as
18    incorporated from previous Paragraphs as previously admitted or denied.

19    18.    Defendant denies the allegations in Paragraph 18 of the complaint.

20    19.    Defendant denies the allegations in Paragraph 19 of the complaint.

21    20.    Defendant denies the allegations in Paragraph 20 of the complaint.

22    21.    Defendant denies the allegations in Paragraph 21 of the complaint, and further
23    denies the Plaintiff has suffered any damages or other injury, and further denies as an attorney
24    *pro se* she is entitled to attorney's fees in any event.

25    **AFFIRMATIVE DEFENSES**

26    **FIRST AFFIRMATIVE DEFENSE**

27    Plaintiff's complaint fails to state facts sufficient to state a cause of action against this
28    answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state facts sufficient to state a cause of action against this answering Defendant because there was no deprivation of constitutional rights resulting from an official policy, custom or practice of Defendant CITY OF SAND CITY.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's allegations against DOE Defendants are barred by federal pleading requirements and Plaintiff has not alleged due diligence or impossibility in discovering the name of DOE Defendants before filing her complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the statute of limitations, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1 and 342, and Government Code sections 900, *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is immune from liability for any claim based on the laws of the State of California pursuant to the California Government Code, including but not limited to sections 815, 815.2, 815.4, 815.6, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.5, 820.6, 820.8, 821, 821.6, 821.8, and 822.2.

**SIXTH AFFIRMATIVE DEFENSE**

The training program of Defendant CITY OF SAND CITY was adequate to train officers to handle usual and recurring situations that they would encounter, and Defendant CITY OF SAND CITY did not act with deliberate indifference with regard to the need to train officers adequately.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant CITY OF SAND CITY did not and has not deprived Plaintiff of any right, privilege or immunity guaranteed by the Constitution or laws of the United States or of the State of California.

**EIGHTH AFFIRMATIVE DEFENSE**

The act or omissions set forth in the complaint, even if true, constitute mere negligence and were neither intentional, willful, nor grossly negligent and as a consequence, the allegations thereupon fail to state a claim for relief for violation of Plaintiff's civil rights.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages, if any, and such failure caused, contributed to, aggravated and/or increased said damages if any there are.  This answering Defendant is not liable for Plaintiff's unmitigated damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff was herself careless and negligent in and about the matters alleged in the complaint, and such carelessness and negligence caused, or proximately contributed to the occurrence of the incident and to the injuries, loss or damages complained of, if any there were.

**ELEVENTH AFFIRMATIVE DEFENSE**

CITY OF SAND CITY has no vicarious liability for alleged conduct of unnamed employees, or vicarious liability for the conduct of any employee under 42 U.S.C. § 1983.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff's complaint contains California tort claims, and is based on facts not fairly reflected in the public entity claims of Plaintiffs, said causes of action based thereupon are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's allegations against fictitious or unnamed defendants are barred by applicable statutes of limitations.

**PRAYER FOR RELIEF**

WHEREFORE this answering Defendant prays for judgment in its favor and against Plaintiff as follows:

1. That Plaintiff take nothing by reason of her complaint;
2. That this answering Defendant be awarded its costs of suit; and

3. That this answering Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: June 11, 2008

                                              LAW OFFICES OF VINCENT P. HURLEY
                                              A Professional Corporation

                                              By:     /s/ Douglas F. Young
                                                         DOUGLAS F. YOUNG
                                      Attorneys for Defendant CITY OF SAND CITY