# *Amber Leslie*

1592 Mesquite Drive, No. 207
Salinas, California 93905

831-772-9988

August 15, 2008

The Honorable Judge Ware
United States District Court
Northern District of California
280 South First Street, Fifth Floor
San Jose, CA  95113

     Re:    Leslie v. City of San City, etc., et al.
             Case No. C 08 00179 JW (RS)

Your Honor:

This letter is written in response to the August 8, 2008 letter of defense counsel Douglas F. Young[1] stating that:

> "... Robin Siefkin, the ENE evaluator for the Federal
> Court, Suggested that the parties might get directly in touch
> with you and ask for a referral to an early settlement
> conference before a magistrate judge in this matter."

My recollection of the three-way ENE conference between Ms. Siefkin, Mr. Young and myself is different from Mr. Young's account. Following receipt of Mr. Young's letter, I telephoned Ms. Siefkin who informed me that the content of Mr. Young's letter is not in accordance with her recollections.

Mr. Young's letter goes on to state:

> "...same matter was previously pending in the Superior
> Court in Monterey County ..."

and

> "...[A]s a result, virtually all of the discovery had been
> completed in the State Court, and the facts of the case are

---

[1] As of this date, August 15, 2008, I have been informed that Douglas F. Young, Esq. is no longer with the firm and that Ms. Susan M. Hunt-McArthur is now counsel of record

The Honorable Judge Ware
August 15, 2008
Page two

clear enough at this time that a settlement conference in my
opinion would be useful."

The case to which Mr. Young refers is one I dismissed *without prejudice*. Mr. Young's assertion that *"virtually all of the discovery had been* completed. . . ." is a gross misrepresentation which I believe is calculated to mislead and thus improperly influence the Court.

The facts are as follow:

Throughout the previous matter and continuing through this case, defendant has consistently employed numerous stratagems to cloud the issues and obstruct plaintiff from acquiring legitimate evidence. Defendant is obviously aware that this evidence will doubtless have a critical impact upon the opinion of the Court or a jury. Defendant's haste in seeking to move outside the regular litigation process is suspect.

Again, the facts are that discovery <u>had not</u> and <u>has not</u> been completed due to Defendant's prolonged and protracted refusal to fully and completely respond to plaintiff's legitimate discovery requests

This past week I received Defendant's responses to my most recent discovery requests. Once again, the responses reflect Defendant's prior behavior in withholding legitimate information. It appears that a Motion to Compel is in order. I expect to file such a motion once I have researched the pertinent issues.

This litigation involves no life-threatening issues nor any realistic likelihood of the disappearance of crucial witnesses or evidence. I believe the interests of justice preclude an early settlement conference or any other court operation which is outside the scope of the Court's regular operations.

Plaintiff respectfully requests that this Honorable Court allow the pending matter to proceed in accordance with the Court's normal schedule.

Respectfully submitted,

AMBER LESLIE

/AL
cc:    Susan M. Hunt-McArthur, Esq.
       David W. Brown, Esq.