**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Amber Leslie, | NO. C 08-00179 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTIONS FOR SUMMARY JUDGMENT;** |
| City of Sand City, et al., | **DISMISSING DEFENDANT PIRES'** |
| Defendants. | **COUNTERCLAIM WITH PREJUDICE** |

## I. INTRODUCTION

Amber Leslie ("Plaintiff"), in *pro se*, brings this action against City of Sand City ("Sand City") and Frank Pires ("Pires") (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983, inverse condemnation under Article I, § 9 of the California Constitution and "Malicious Harassment."[1] Plaintiff alleges that Defendants improperly caused Plaintiff's vehicle to be towed. Defendant Pires has also filed a Counterclaim against Plaintiff to recover towing and storage fees pursuant to Cal. Civ. Code § 3068.2.[2]

---

[1] (First Amended Complaint for Damages; Injunctive and Declaratory Relief, hereafter, "Complaint," Docket Item No. 29.)

[2] (Answer of Defendant Frank Pires to Plaintiff's First Amended Complaint, with Counterclaim, hereafter, "Pires Counterclaim," Docket Item No. 52.)

Presently before the Court are Defendants' Motions for Summary Judgment.[3] The Court conducted a hearing on January 26, 2008. Defendants were represented by their counsel. Plaintiff failed to appear. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motions for Summary Judgment. On Defendant Pires' oral motion at the hearing, the Court also DISMISSES Defendant Pires' counterclaim against Plaintiff with prejudice.

## II. BACKGROUND

Plaintiff is a California citizen residing in Monterey County. (Complaint ¶ 3.) On February 18, 1999, Plaintiff purchased a 1970 Chevrolet truck ("Vehicle").[4] Plaintiff's registration for the Vehicle expired on January 31, 2004. (Hurley Decl., Ex. B.)

On January 13, 2006, the police responded to a call from an employee of C.L. Frost Company, complaining that a truck had been illegally parked for two weeks on a private lot owned and under the control of C.L. Frost.[5] Sand City Police discovered the Vehicle in C.L. Frost's parking lot at 1831 East Avenue, Sand City, and ticketed it for having an expired registration. (Stevenson Decl. ¶ 15.) The Sand City Police also had the Vehicle towed by Defendant Frank Pires, doing business as Marina Beach Tow.[6]

Plaintiff never retrieved the Vehicle after it was towed. (Pires Decl. ¶¶ 6-7.) On February 20, 2006, Defendant Pires conducted a lien sale, and sold the Vehicle for $100. (Pires Decl. ¶ 7; Hurley Decl. Ex. B at 16.)

---

[3] (Defendant's Motion for Summary Judgment or in the Alternative, Partial Summary Judgment, hereafter, "Sand City Motion," Docket Item No. 63; Defendant Frank Pires' Notice of Motion and Motion for Summary Judgment, Docket Item No. 58.) Defendant Pires' Motion is supported by his Memorandum of Points and Authorities. (Memorandum of Points and Authorities in Support of Defendant Pires' Motion for Summary Judgement, hereafter, "Pires Motion," Docket Item No. 60.) Defendant Pires joined in Sand City's Motion. (See Docket Item No. 69.) To date, Plaintiff has failed to file oppositions to any of these motions.

[4] (Declaration of Vincent P. Hurley in Support of Defendant Sand City's Motion for Summary Judgment, Ex. B, hereafter, "Hurley Decl.," Docket Item No. 67.)

[5] (Declaration of Veronica Stevenson in Support of Defendant Sand City's Motion for Summary Judgment ¶¶ 5-7, hereafter, "Stevenson Decl.," Docket Item No. 66.)

[6] (Id. ¶ 16; Declaration of Frank Pires in Support of Motion for Summary Judgment ¶ 4, hereafter, "Pires Decl.," Docket Item No. 59.)

2

On January 10, 2008, Plaintiff filed this lawsuit alleging three causes of action: (1) Violations of the Fourth, Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983; (2) Inverse Condemnation pursuant to Article 1, § 19 of the California Constitution; and (3) Malicious Harassment.

Presently before the Court are Defendants' Motions for Summary Judgment.

## III. STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." Celotex v. Catrett, 477 U.S. 317, 323-24 (1986).

In a motion for summary judgment, the moving party "bears the initial responsibility for informing the district court that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party must then "present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990) (quotations omitted). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

When evaluating a motion for summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). The court draws all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight that particular evidence is accorded. See, e.g., Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520 (1992). Where a rational trier of fact could not find for the non-moving party based on the record as a whole, there is no "genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

## IV.  DISCUSSION

**A.  Defendants' Motions for Summary Judgment**

### 1.  First Cause of Action:  Section 1983

Defendants move for summary judgment on Plaintiff's First Cause of Action on the ground that Plaintiff cannot establish that she suffered any constitutional deprivation.  (Sand City Motion at 6.)

A public entity defendant cannot be held liable for a § 1983 violation caused by an individual employee's actions under a theory of *respondeat superior*.  Monell v. Dep't of Social Services City of New York, 436 U.S. 658, 694 (1978).  To be liable, the defendant must act as a "lawmaker[ ] or . . . [one] whose edicts may fairly be said to represent official policy."  Id. at 691.  Under Monell, municipal liability must be based upon enforcement of a municipal policy or custom that causes the deprivation of a plaintiff's constitutional right, and not upon the municipality's mere employment of a constitutional tortfeasor.  Id.  To maintain a § 1983 claim against a public entity defendant or a supervisor not personally involved in the alleged violation, a plaintiff must allege that his or her constitutional injury resulted from a policy, practice or custom of the local entity.  Id.  "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights."  Scott v. Henrich, 39 F.3d 912, 916 (9th Cir. 1994).  Thus, municipal defendants cannot be held liable when no constitutional violation has occurred.  Id.

To prevail on a § 1983 complaint against a local government under Monell, a plaintiff must satisfy a three-part test: (1) an official violated the plaintiff's constitutional rights; (2) the violation is a part of policy or custom and may not be an isolated incident; and (3) there is a nexus between the specific policy or custom to the plaintiff's injury.  See Monell, 436 U.S. at 690-92.

In this case, Plaintiff alleges five constitutional violations:  (1) an unlawful seizure under the Fourth and Fourteenth Amendments; (2) a violation of due process under the Fifth Amendment; (3) a violation of procedural due process under the Fourteenth Amendment; (4) a violation of substantive due process under the Fourteenth Amendment; and (5) a violation of the Equal Protection Clause of the Fourteenth Amendment.  (Complaint ¶ 10.)

The Court considers each alleged violation in turn.

### a. Unlawful Seizure

The impoundment of an automobile is a seizure within the meaning of the Fourth Amendment. Miranda v. City of Cornelius, 429 F.3d 858, 862 (9th Cir. 2005). Such a seizure must therefore be reasonable. Id. As part of their "community caretaking" function, police officers may impound vehicles that "jeopardize safety and the efficient movement of vehicular traffic." Id. at 864 (internal quotation marks omitted). Whether an impoundment is warranted under this community caretaking doctrine "depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." Id. (citing United States v. Jensen, 425 F.3d 698, 706 (9th Cir. 2005)). Further, if allowing a driver to remove a vehicle would result in violation of a traffic regulation, impoundment of a vehicle is reasonable. See Miranda, 429 F.3d at 865.

Here, Sand City provides records from the California Department of Motor Vehicles indicating that the Vehicle's registration had expired on January 31, 2004, almost two years before Sand City police impounded the Vehicle on January 16, 2006. (Hurley Decl., Ex. B at 13.) Sand City also provides the declaration of Veronica Stevenson, the officer that impounded the Vehicle, stating that she performed a registration check on January 16, 2006, prior to having the car impounded, and discovered that the registration had expired in January 2004 and that the vehicle was on "planned non-operation status."[7] (Stevenson Decl. ¶¶ 11-12.) Stevenson also states that, in light of the Vehicle's PNO status and the fact that its registration was more than six months expired, she had the vehicle towed in accordance with Cal. Veh. Code § 22651(o) which provides that a police officer may remove a vehicle from publicly accessible off-street parking if the registration is more than six months expired.

---

[7] "Planned non-operation status," also referred as "PNO," allows a vehicle owner to avoid paying for registration and insurance as long as the vehicle is not driven on public roads or parked in publicly accessible parking lots. Cal. Veh. Code § 4000(a)(1).

5

1 On the basis of this evidence, the Court finds that a reasonable juror could find that Officer
2 Stevenson's impoundment of Plaintiff's vehicle was reasonable.  Thus, Defendants have shifted the
3 burden to Plaintiff to provide evidence indicating that there is a genuine issue of material fact as to
4 whether the Vehicle was unreasonably seized.  Plaintiff does not provide any evidence.  Thus, the
5 Court finds that there can be no genuine issue of material fact concerning Plaintiff's § 1983 claim
6 predicated on a violation of her Fourth Amendment rights.

7 Accordingly, the Court GRANTS Defendants' motions for summary judgment as to
8 Plaintiff's First Cause of Action for unlawful seizure under the Fourth Amendment.

### b. Fifth Amendment Due Process

10 Defendants contend that Plaintiff cannot, as a matter of law, state a Monell claim against
11 Sand City for violation of her Fifth Amendment Due Process right because the Fifth Amendment's
12 due process clause applies only to the federal government. (Sand City Motion at 10.)

13 "Due process of law is secured against invasion by the federal government by the Fifth
14 Amendment and is safe-guarded against state action in identical words by the Fourteenth
15 [Amendment]." Betts v. Brady, 316 U.S. 455, 462 (1942); Bingue v. Prunchak, 512 F.3d 1169,
16 1174 (9th Cir. 2008).

17 Since Sand City is not a part of the federal government and Defendant Pires is a private
18 entity, the Court finds that Plaintiff's claim under the Fifth Amendment is foreclosed as a matter of
19 law.  Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's
20 First Cause of Action for violation of due process under Fifth Amendment.

### c. Fourteenth Amendment Procedural Due Process

22 Defendants contend that Plaintiff cannot base her Monell claim on a violation of procedural
23 due process under the Fourteenth Amendment because the police were not required to provide
24 Plaintiff with notice under the circumstances of this case, and, in the alternative, notice was
25 provided. (Sand City Motion at 11.)

26 Under the Due Process Clause of the Fourteenth Amendment, court's generally require a
27 state to provide notice to a person prior to depriving them of their property. See Zinermon v. Burch,

28

6

1  494 U.S. 113, 132 (1990); Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 313
2  (1950). The Ninth Circuit has held that this general rule requires the government to attempt to
3  notify the owner of a vehicle before impounding the vehicle. Clement v. City of Glendale, 518 F.3d
4  1090, 1094 (9th Cir. 2008). However, where a predeprivation hearing or notice "is unduly
5  burdensome in proportion to the liberty interest at stake . . . post deprivation remedies might satisfy
6  due process." Clement, 518 F.3d at 1094 (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976).
7  An exception to the general notice requirement may exist where a vehicle does not have current
8  registration stickers and the police cannot be sure as to whether the owner will move the vehicle, or
9  whether the owner will hide the vehicle without paying the fine. Id. at 1095. An exception may also
10 exist where the vehicle reasonably appears abandoned. Id.

11 In this case, Officer Stevenson declares that she could not determine whether the vehicle was
12 operational. (Stevenson Decl. ¶ 9.) She also states in her declaration that, in her "professional
13 opinion," she believed "the registered owner had abandoned the [V]ehicle." (Id. ¶ 14.)
14 Additionally, according to both Officer Stevenson and Officer Michael Mount, Officer Mount had
15 previously warned Plaintiff about parking illegally, and Plaintiff had informed them that she was
16 homeless.[8]

17 In addition to this evidence, Sand City provides evidence indicating that Plaintiff participated
18 in a post-deprivation hearing. According to Sergeant Marius Crisan, he spoke with Plaintiff over the
19 phone on January 30, 2006.[9] During their conversation, Plaintiff requested a hearing and Sergeant
20 Crisan notified her that such hearings are informal and that he could conduct one with her over the
21 phone at that time. (Crisan Decl. ¶ 6.) Plaintiff agreed to conduct the hearing over the phone, and
22 informed Sergeant Crisan that she did not believe the Vehicle should have been towed. (Id.) After

---

[8] (Stevenson Decl. ¶¶ 2-4; Declaration of Officer Mount in Support of Defendant Sand City's Motion for Summary Judgment ¶¶ 1-6, Docket Item No. 65.)

[9] (Declaration of Marius Crisan in Support of Sand City's Motion for Summary Judgment ¶¶ 4-6, hereafter, "Crisan Decl.," Docket Item No. 64.)

7

reviewing Sand City's report concerning the impounded of the Vehicle and listening to Plaintiff's statement, Sergeant Crisan upheld the citation and towing of the Vehicle. (Id. ¶ 7, Ex. B.)

Based on this evidence, the Court finds that a reasonable jury could find that Sand City police were not required to provide prior notice to Plaintiff before towing her car because it appeared abandoned. The evidence also shows that there was a post-deprivation hearing conducted by Sergeant Crisan; a reasonable jury could find that the hearing satisfied Plaintiff's right to procedural due process. In light of the complete absence of evidence proffered by Plaintiff, there can be no genuine issue of material fact regarding a possible violation of Plaintiff's right to procedural due process.

Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's First Cause of Action for violation of procedural due process under the Fourteenth Amendment.

### d. Fourteenth Amendment Substantive Due Process

Defendants contend that Plaintiff cannot establish a violation of her substantive due process rights because the City did not act arbitrarily or capriciously. (Sand City Motion at 14.)

Here, as discussed above, a reasonable jury could find that the Vehicle was impounded because it violated California traffic regulations, the police believed the Vehicle was abandoned and possibly non-operational, and because the police could have reasonably believed that Plaintiff would not have moved the Vehicle or paid the citation. Thus, the government did not utilize a suspect classification to draw a distinction, and the grounds for impounding the Vehicle appear rationally related to legitimate government purposes. As such, Plaintiff's Monell claim cannot survive summary judgment as predicated on a violation of substantive due process.

Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's First Cause of Action for violation of substantive due process under the Fourteenth Amendment.

8

### e. Fourteenth Amendment Equal Protection Clause

Defendants contend that Plaintiff cannot base her Monell claim on the Equal Protection Clause of the Fourteenth Amendment because she does not provide any evidence that she was intentionally treated differently from others similarly situated. (Sand City Motion at 15.)

"The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A plaintiff establishes a violation of her right to equal protection where she shows "that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Id.

Where, as here, a defendant identifies a complete lack of evidence in the record, the burden is on the non-moving party to fill such an evidentiary void to establish a genuine issue of material fact. Smolen, 921 F.2d at 963. However, Plaintiff does not provide any evidence attempting to establish the elements of an equal protection violation. Thus, the Court finds she cannot establish such a violation to support her Monell claim. Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's First Cause of Action for violation of the Equal Protection Clause of the Fourteenth Amendment.

In sum, the Court finds that Plaintiff has not established a genuine issue of material fact as to whether any of her constitutional rights have been violated. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's First Cause of Action.

//

9

### 2. Second Cause of Action: Inverse Condemnation[10]

Defendants move for summary judgment on Plaintiff's Second Cause of Action on the ground that Plaintiff lacks a legal basis for asserting a claim under the Article I, § 19 of the California Constitution. (Sand City Motion at 16.)

Article I, § 19 of the California Constitution states that "[p]rivate property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner." The California Supreme has held that § 19 does not create a constitutional tort action based on the taking or damage of private property by public employees. Customer Co. v. City of Sacramento, 10 Cal. 4th 368, 378 (1995). "Neither the 'taken' nor the 'or damaged' language ever has been extended to apply outside the realm of eminent domain or public works to impose a Constitution-based liability . . . ." Id. Instead, recovery for harm to a person's property based on the conduct of government employees has been limited to general tort principles. Id.

Here, the Vehicle was not taken from Plaintiff in connection with a public works project. Rather, the evidence outlined above indicates that the City impounded the Vehicle in accordance with its traffic regulations. Thus, Plaintiff cannot, as a matter of law, establish a basis under which § 19 would allow her recover.

Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's Second Cause of Action for Inverse Condemnation.

### 3. Third Cause of Action: Malicious Harassment

Defendants move for summary judgment on Plaintiff's Third Cause of Action on the grounds that (1) there is no such thing as a cause of action for malicious harassment, and (2) Plaintiff's allegations are exactly the same as those for Plaintiff's First Cause of Action, and therefore summary judgment is appropriate on the same grounds. (Sand City Motion at 17-18.)

---

[10] Although the caption of Plaintiff's Complaint refers to her Second Cause of Action as "Conversion," the text of her Complaint attempts to set out a claim for inverse condemnation. (Complaint at 5.)

10

The Court finds that there is no California civil action for "malicious harassment." To the extent Plaintiff intended to state a claim for malicious *prosecution*, the Court finds that she has not alleged any facts or provided any evidence to support such a claim. For example, Plaintiff has not provided any evidence that Defendants have brought a prior legal action against Plaintiff resulting in her favor. See Zamos v. Stroud, 32 Cal. 4th 958, 965 (2004).

Accordingly, the Court GRANTS Defendants' motions for summary judgment as to Plaintiff's Third Cause of Action.[11]

**B.  Defendant Pires' Counterclaim**

At the hearing, in an effort to bring this case to a close, Defendant Pires orally moved to voluntarily dismiss its counterclaim with prejudice. Accordingly, the Court DISMISSES Defendant Pires' Counterclaim against Plaintiff for a deficiency judgment with prejudice.

**V.  CONCLUSION**

The Court GRANTS Defendants' Motions for Summary Judgment. The Court DISMISSES Defendant Pires' Counterclaim with prejudice.

Judgment shall be entered accordingly.

Dated:  May 12, 2009

JAMES WARE
United States District Judge

---

[11] Since the Court finds that Defendant Sand City has provided sufficient evidence to grant summary judgment on each of Plaintiff's Causes of Action, the Court need not address the independent bases for summary judgment offered by Defendant Pires.

11

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David W. Brown davidwaynebrown@aol.com
Kristina Parson kparson@hurleylaw.com
Susan Marie Hunt-McArthur shunt-mcarthur@hurleylaw.com
Vincent P. Hurley vphurley@hurleylaw.com

Amber Leslie
1592 Mesquite Drive, No. 207
Salinas, CA 93905

**Dated: May 12, 2009**                                           **Richard W. Wieking, Clerk**

                                                            **By:    /s/ JW Chambers**
                                                                  **Elizabeth Garcia**
                                                                  **Courtroom Deputy**